FILED
DECEMBER 12, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6994**

| | | |
|---|---|---|
| **JEFFREY W. ANDERSON and JEAN M. ANDERSON,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge  **JUDGE DARRAH** |
| **ALLIED VAN LINES, INC. and JACKSON MOVING & STORAGE,** | ) ) ) ) | Magistrate Judge  **MAGISTRATE JUDGE DENLOW** |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Allied Van Lines, Inc. and Jackson Moving & Storage, (collectively the "Defendants"), by and through their attorneys, Dombroff Gilmore Jaques & French, P.C., hereby removes the action filed in the Circuit Court of DuPage County, Illinois pursuant to 28 U.S.C. § 1441, *et seq.* and in support thereof states as follows:

1.  On November 7, 2007, the Plaintiffs, Jeffrey W. Anderson and Jean M. Anderson, (hereinafter "Plaintiffs"), filed a State action against the Defendants in the Circuit Court of DuPage County, Law Division, State of Illinois, asserting common law causes of action for conversion, fraud, negligent hiring and negligent supervision, respectively.

2.  On November 15, 2007, Defendants Allied Van Lines, Inc. and Jackson Moving & Storage were served with the Summons and Complaint.

3.  The Summons and Complaint represent all process, pleadings and orders that the Defendants have received in this action to date. A true and correct copy of the Summons is

attached hereto as Exhibit "A" and a true and correct copy of the Complaint is attached hereto as Exhibit "B".

4. This Notice of Removal (and accompanying State Court Notice of Removal) is filed within thirty (30) days of service and/or notice of the Complaint pursuant to 28 U.S.C. § 1446(b).

5. The above-described action is a civil action for alleged damage to, or loss of, property during an interstate shipment from Aurora, Illinois to Pagosa Springs, Colorado, over which the Surface and Transportation Board (formerly, Interstate Commerce Commission) has jurisdiction and which may be removed to this Court by the Defendants, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1441; and pursuant to the I.C.C. Termination Act of 1995, 49 U.S.C. § 14706. See Plaintiff's Complaint, ¶¶ 6, 7, 8, 9, 10 and Exhibit "B".

6. There is a federal question presented, pursuant to the Carmack Amendment to the I.C.C. Termination Act (hereinafter the "ICCTA"), 49 U.S.C. § 13101 *et seq.*, and therefore this is a matter over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and which may be removed under 28 U.S.C. § 1441. See Pierre v. UPS, Inc., 774 F. Supp. 1149 (N.D. Ill. 1991) ("Where, as here, Congress has manifested an intent to completely preempt an area of law, any action arising within the scope of the federal law is necessarily federal by nature."). Further, supplemental jurisdiction exists over the common law and statutory claims pursuant to 28 U.S.C. § 1367(a).

7. The above-described action is one which this Court has exclusive jurisdiction pursuant to the ICCTA, 49 U.S.C. § 13101 *et seq.*, and the Carmack Amendment to the ICCTA, primarily codified at 49 U.S.C. § 14706. Defendant Allied Van Lines, Inc. is a carrier and motor carrier within the meaning of the ICCTA, and is involved in interstate commerce pursuant to the

ICCTA.  See 49 U.S.C. § 13907(a) (2005); see Plaintiff's Complaint, ¶ 6.  As such, the Plaintiff's claims are necessarily federal in character because they fall within that category of State law claims that have been completely and expressly preempted pursuant to the ICCTA.  Adams Express Co. v. Croninger, 226 U.S. 491 (1913).  Accordingly, this Court has exclusive jurisdiction over all of Plaintiff's causes of actions enumerated in his Complaint.

8.  This action further meets the jurisdictional requirements of 28 U.S.C. §§ 1337(a) and 1445(b) in that the Complaint seeks damages in excess of $65,000.00 plus interest and costs.  See Plaintiffs' Complaint, each Count's prayer for relief.

9.  A copy of this Notice of Removal is being promptly served upon the parties and filed with the Clerk of the Circuit Court of DuPage County, Illinois, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, for the foregoing reasons, the Defendants, Allied Van Lines, Inc. and Jackson Moving & Storage, respectfully give notice that the action now pending, as referenced above, in the Circuit Court of DuPage County, Illinois, has been removed therefrom to this Court.

DATED:   December 12, 2007

Respectfully submitted,

ALLIED VAN LINES, INC. and
JACKSON MOVING & STORAGE

By:   /s/ Dennis E. French
One of Their Attorneys

3

Dennis E. French
ARDC No. 3126101
Jonathan P. Stringer
ARDC No. 6276011
Dombroff Gilmore
Jaques & French, P.C.
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
Tel: (312) 781 – 0200
Fax: (312) 781 – 0800
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of this document was served upon:

Daniel M. Purdom and
Joseph H. McMahon
Hinshaw & Culbertson LLP
4343 Commerce Court, Suite 415
Lisle, IL 60532-1099

by First Class Mail by depositing in the U.S. Mail at 10 S. La Salle St., Chicago, Illinois 60603 a properly addressed envelope with postage prepaid before 5:00 PM, on the 12th day of December, 2007.

/s/ Dennis E. French
Dennis E. French