Case 1:07-cv-06994   Document 6   Filed 12/12/2007   Page 1 of 14

CEM

FILED
DECEMBER 12, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY W. ANDERSON and JEAN M. ANDERSON,** | ) ) ) | **07 C 6994** |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge  **JUDGE DARRAH** |
| **ALLIED VAN LINES, INC. and JACKSON MOVING & STORAGE,** | ) ) ) ) | Magistrate Judge  **MAGISTRATE JUDGE DENLOW** |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Allied Van Lines, Inc. and Jackson Moving & Storage, (collectively the "Defendants"), by and through their attorneys, Dombroff Gilmore Jaques & French, P.C., submits this Answer and Affirmative Defenses to Plaintiffs' Complaint.

## THE PARTIES

1.  The Plaintiffs, Jeffrey W. Anderson and Jean M. Anders, husband and wife, (hereinafter referred to as "Anderson") are individuals residing at 1724 Eagle Brook Drive, Geneva, Illinois 60134.

    **Answer:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

2.  Allied Van Lines, Inc. (Allied) is an Illinois for profit corporation in good standing whose principal place of business is located at 700 Oakmont Lane, Westmont, Illinois 60559.

1

**Answer:    Defendants deny that Allied Van Lines, Inc. is an Illinois for profit corporation and admit the balance of this paragraph. Allied is a Delaware corporation authorized to transact business in Illinois.**

3.    Jackson Moving & Storage (Jackson) is an assumed name of Woodridge Holdings, Inc., an Illinois for profit corporation in good standing whose principal place of b business is located at 740 Frontage Road, Naperville, Illinois 60563.

**Answer:    Defendants admit the averments in this paragraph.**

4.    At all times relevant herein, Jackson was the agent of Allied.

**Answer:    Defendants admit the averments of this paragraph.**

## VENUE AND AUTHORIZATION

5.    Venue is proper to ILCS 5/2-101.0

**Answer:    Defendants deny this averment since this matter has been removed to this Court.**

## BACKGROUND

6.    Plaintiffs engaged Jackson to move their possessions from their home in Aurora, Illinois to Pagos Springs, Colorado (See Orders for Service attached as Exhibit A). As part of this engagement, Jackson arrived at plaintiffs' home in Aurora on or about July 21, 2006, to pack and load Plaintiffs belongings pursuant to the Order for Service.

**Answer:    Defendants deny Plaintiffs engaged Jackson for any purpose. Defendants admit Jackson, acting as a disclosed household goods agent of Allied arrived at plaintiffs' home in Aurora on or about July 21, 2006, to pack and load Plaintiffs belongings pursuant to the Order for Service issued by Allied.**

7. On or about July 25, 2007, Jackson arrived at Plaintiff's home to pick up the remainder of plaintiffs' possessions that had not been picked up previously. In preparation for this, plaintiffs had packed all their jewelry into a tote bag.

**Answer:** **Defendants admit Jackson, as a disclosed household goods agent of Allied, arrived at Plaintiffs' home to pick-up the remainder of plaintiffs' possessions that had not been picked up previously. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments herein.**

8. During the loading process, the movers, employees of Jackson, were explicitly instructed that no luggage was to be loaded. After the movers left around 12:30 p.m. Plaintiffs discovered that the tote bag containing the jewelry was missing from the house.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

9. Immediately following their discovery that the tote bag was missing, Plaintiffs called Jackson and informed Jackson that the tote bag had been taken and that they wanted it returned. Plaintiffs then went to Jackson's storage facility where employees of Jackson informed him that they could not find the luggage tote bag. Plaintiffs performed their own search of their possessions in the area where they were stored in Jackson's facility and could not find the luggage tote bag.

**Answer:** **Defendant's admit the averments in this paragraph.**

10. Jackson employees reviewed the property inventory listing of all the items which were removed from the plaintiff's home and the tote bag was listed in the inventory (Referenced as Item #24 in Plaintiff's Statement of Claim attached as Exhibit C). Jackson indicated that they

would perform another search of the facility. The next morning they indicated that their search came up negative and that they were taking no further actions regarding the matter.

**Answer:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

11.     Plaintiffs contacted the Aurora, Illinois Police Department and filed a police report (Report No. 06-18998). Detective Darryl Moore of the Aurora Police Department was assigned to the investigations (See Police Report attached as Exhibit B). During the course of his investigation, he found the following facts:

   a. The inventory tag documented as being on the tote bag had been placed on a dust pan;
   b. the moving crew consisted of three men, one being the supervisor who never returned to work, moved to a new residence with no forwarding address and refused to appear for an interview with Detective Moore;
   c. The supervisor had a prior criminal record; and
   d. Jackson had security cameras covering the employee parking lot, but when Detective Moore asked to review the tapes, he was informed that the cameras were not working that day.

**Answer:     Defendants admit Detective Moore of the Aurora Police Department investigated Plaintiffs' claim, one member of the crew refused to be interviewed and stated to Jackson that he was moving to a new residence and that the security cameras malfunctioned on the day in question. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.**

12.     Plaintiffs submitted a claim to Jackson in September of 2006 (Exhibit C attached), and attached to that claim an inventory of the missing jewelry (Exhibit D attached). Plaintiffs provided Jackson with receipts for the jewelry in November, 2006.

**Answer:     Defendants admit the averments in this paragraph.**

13. On or about March 21, 2007, Plaintiffs met with Vivian Dumas, an employee of Jackson, regarding their claim. At that meeting Dumas informed Plaintiffs that the prior employee who was handling the claim had not processed it, and that she was now processing it.

**Answer: Defendants admit the averments in this paragraph.**

14. On or about May 7, 2007, Jackson's insurance carrier notified Plaintiffs that the claim was not covered under the insurance policy and that the case was referred back to Jackson for internal follow-up with Allied. Despite repeated contact by Plaintiffs with Defendant, Plaintiffs have not received any further correspondence or information from defendants.

**Answer: Defendants admit the averments in the first sentence of this paragraph. Defendants deny they received further contact from Plaintiffs and deny the averments in the second sentence of this paragraph.**

15. On or about July 5, 2007, counsel for Plaintiffs delivered via certified mail a demand letter (Exhibit E attached) to the Claims Department for Allied. Neither Plaintiffs nor counsel for Plaintiffs received a response to that demand letter.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

16. On or about August 21, 2007, counsel for the Plaintiffs delivered via certified mail a second demand letter (Exhibit F attached) to the Claims Department for Allied. Neither Plaintiffs nor counsel for Plaintiffs received a response to that demand letter.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

## COUNT I – CONVERSION

17.     Paragraphs 1 through 16 of the Complaint are incorporated as if fully set out here.

**Answer:     Defendants incorporate their answers to Paragraphs 1-16 of the Complaint for their answers to Paragraph 17.**

18.     On or about July 25, 2006, Plaintiffs were the owners and had right to possession to certain personal property, particularly a tote bag and jewelry contained therein, set out in detail in the attached Exhibit D.

**Answer:     Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

19.     On or about July 25, 2006, Defendants took and unlawfully converted it to their own use and benefit by removing the tote bag from the premises of the Plaintiff's home, despite explicit instructions that no luggage was to be loaded during the move.

**Answer:     Defendants deny the averments of this paragraph.**

20.     On or about July 25, 2006, when Plaintiffs discovered that Defendants had unlawfully converted Plaintiffs' property, Plaintiffs made oral demands on the Defendant, both over the phone and in person, to return the property.

**Answer:     Defendants deny the averments of this paragraph.**

21.     Shortly thereafter Plaintiffs submitted a claim to Jackson in order to recover that value of the property converted by Defendants.

**Answer:     Defendants deny the averments of this paragraph.**

22.     On or about July 5, 2007, counsel for Plaintiffs made written demand on Allied to reimburse plaintiff for the value of the property converted by the Defendants.

**Answer:** **Defendants deny the averments of this paragraph.**

23. Despite demand, Defendants have failed and refused to return the property to Plaintiffs or to reimburse Plaintiffs for its value, and has continually withheld possession of the property and refused to reimburse Plaintiffs up through the time of filing this suit.

**Answer:** **Defendants deny the averments of this paragraph**.

24. The Defendant's failure to return the property to Plaintiffs and their continued delay in response to Plaintiffs' claims are vexatious.

**Answer:** **Defendants deny the averments of this paragraph.**

25. The taking and conversation of the property by the Defendants was done willfully with a wanton disregard for Plaintiffs' rights in that Defendants knew at all times relevant herein that Plaintiffs were the title owners of the property. Further, Defendant willfully employed a criminal as a supervisor who supervised this move. After demand was made on Defendants to return the property or reimburse Plaintiffs for its value, Defendant willfully refused to return the property or reimburse Plaintiffs.

**Answer:** **Defendants deny the averments of this paragraph.**

26. At the time and place of the conversion as alleged above, the market value of the property was $66,000.00, for which Plaintiffs are entitled to recover as well as statutory legal interest on the value of the property from the date of the conversion up to the present.

**Answer:** **Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

27.     **WHEREFORE,** Defendants having fully answered Count I of the Complaint, pray that the same be dismissed and that costs be assessed against Plaintiffs.

## COUNT II – FRAUD

28.     Paragraphs 1 through 27 of the Complaint are incorporated as if fully set out here.

**Answer:     Defendants incorporate their answers to paragraphs 1-27 of the Complaint as their answer to paragraph 28.**

29.     Andersons informed and believe and thereon allege that, at all times herein mentioned, Jackson was an agent of Allied and was at all times acting within the purpose and scope of such agency.

**Answer:     Defendants admit the averments of this paragraph**.

30.     On or about July 25, 2006, Defendants falsely and fraudulently represented to Plaintiffs that they did not have possession of the tote bag of jewelry.

**Answer:     Defendants deny the averments of this paragraph.**

31.     Detective Moore, during his investigation of the report to the Aurora, Illinois Police Department, discovered that the inventory tag which was documented as being on the tote bag was placed on a dust pan.

**Answer:     Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

32.     On or about July 25, 2006, Defendants falsely and fraudulently represented to Plaintiffs that the inventory tag which matched the tote bag belonged on a dust pan and that they did not have possession of the tote bag.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

33. The representations made by Defendants were in fact false. The true facts were that Defendants had taken possession of the tote bag as the inventory indicates and that Defendants switched the inventory tag from the tote bag to the dust pan. In doing so Defendants represented that they did not have possession of the tote bag and that the inventory tag did not match the inventory list.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

34. When the Defendants made these representations, they knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiffs.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

35. In doing the acts herein alleged, defendants acted with oppression, fraud, and malice.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

36. As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiffs have suffered a loss of all the jewelry contained within the tote bag, by reason of which Plaintiff have been damaged in the sum of $66,000.00.

**Answer: Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

37. **WHEREFORE,** Defendants, having fully answered Count II of the Complaint, pray that the same be dismissed and that costs be assessed against Plaintiffs.

## COUNT III – NEGLIGENT HIRING

38. Paragraphs 1 through 37 of the Complaint are incorporated as if fully set out here.

**Answer: Defendants incorporate their answers to paragraphs 1-37 of the Complaint as their answer to paragraph 38.**

39. Defendant Jackson was, at all times relevant to this Complaint, the employer of the supervisor of this particular move. Plaintiffs are not privy to the supervisor's name, so he will be referred to henceforth as "Supervisor."

**Answer: Defendants admit that the employee was an employee of Jackson, deny that he was a supervisor, and deny all remaining averments of this paragraph.**

40. On July 25, 2006, at approximately 12:00 p.m. at Plaintiffs' residence, Defendant's employee, Supervisor, injured Plaintiffs, customers of Defendant, in converting Plaintiffs' property and causing damages in an amount equal to the value of the jewelry, approximately $66,000.00.

**Answer:   Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

41. Upon information and belief, Defendant knew or should have known that its employee had previously engaged in conduct criminal in nature.

**Answer:   Subject to further discovery and investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein.**

42. Defendant had a duty of reasonable care owed to Plaintiffs to hire a competent, qualified and safe employee because defendant knew or should have known that its employee would come in contact with Plaintiffs and Plaintiffs' possession through his employment.

**Answer:   Defendants deny the averments of this paragraph.**

43. Defendant breached its duty of reasonable care by hiring an employee, Supervisor, who was incompetent, unfit and dangerous in that it willfully chose not to ascertain the employer's criminal history or willfully chose to ignore the existence of the employee's criminal history, despite the fact that the employee, in the course of his employment, would be entrusted with the possessions of customers of Jackson and Allied.

**Answer:   Defendants deny the averments of this paragraph**.

44. The failure of Defendant to exercise reasonable care was a proximate cause of the injuries and loss suffered by Plaintiffs.

**Answer:   Defendants deny the averments of this paragraph.**

45. **WHEREFORE,** Defendants, having fully answered Count III of the Complaint, pray that the same be dismissed and that costs be assessed against Plaintiffs.

### COUNT IV – NEGLIGENT SUPERVISION

46. Paragraphs 1 through 45 of the Complaint are incorporated as if fully set out here.

**Answer: Defendants incorporate their answers to paragraphs 1-45 of the Complaint as their answer to paragraph 46.**

47. Defendant, due to the nature of the business and the regularity with which customers entrust their possessions to employees of defendant, had a duty to supervise all employees, including employee Supervisor when he was dealing with a customer. Specifically, Defendant had a duty to Plaintiffs to supervise its employees as they removed identified items from Plaintiffs' premises and transported them to Jackson's warehouse to be temporarily stored and in all aspects of moving and controlling Plaintiffs' possessions in order to ensure the safety of Plaintiffs from the injury that Supervisor committed on Plaintiffs as described above.

**Answer: Defendants deny the allegations of this paragraph.**

48. Defendant breached its duty of supervision over its employees, including the supervisor, to the Plaintiff by not supervising its employees adequately, in that it allowed employees to remove items which were explicitly not to be removed, it failed to supervise its employees through the moving process and particularly as they handled the Plaintiffs' possessions and it failed to ensure the safety of the Plaintiffs form the injury caused by the Defendant's employees by not ensuring that the cameras covering the employee parking lot were in working order.

**Answer: Defendants deny the allegations of this paragraph.**

49. Defendant's breach of its supervisory duty to Plaintiffs was a proximate cause of the injuries and loss suffered by plaintiff.

**Answer: Defendants deny the allegations of this paragraph.**

50.　　**WHEREFORE,** Defendants, having fully answered Count IV of the Complaint, pray that the same be dismissed and that costs be assessed against Plaintiffs.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiffs' claims and causes of action:

**I.**

All of Plaintiffs' claims and causes of action are preempted by the Carmack Amendment found generally at 49 U.S.C. § 14706 and the I.C.C. Termination Act of 1995, 49 U.S.C. §§ 13101 et seq.

**II.**

Plaintiffs are limited to recovery of the actual value of the alleged lost goods pursuant to 49 U.S.C. § 14706.

**III.**

Plaintiffs' damages are limited by contract of the parties.

**IV.**

Plaintiffs' damages are limited to $30,000 pursuant to a limitation of liability established pursuant 49 U.S.C. § 14706.

**V.**

Defendants did not convert Plaintiffs' property to their own use or benefit.

**VI.**

Plaintiffs have failed to allege a cause of action on which relief can be granted.

WHEREFORE, Defendants, Allied Van Lines, Inc. and Jackson Moving & Storage, having fully answered the Plaintiffs' Complaint herein, request that the same be dismissed and that costs be assessed against Plaintiffs and for such other relief as the Court deems just and proper.

DATED:   December 12, 2007.

Respectfully submitted,

ALLIED VAN LINES, INC. and
JACKSON MOVING & STORAGE

By:   /s/ Dennis E. French
One of Their Attorneys

Dennis E. French
ARDC No. 3126101
Jonathan P. Stringer
ARDC No. 6276011
Dombroff Gilmore
Jaques & French, P.C.
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
Tel: (312) 781 – 0200
Fax: (312) 781 – 0800
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of this document was served upon:

Daniel M. Purdom and
Joseph H. McMahon
Hinshaw & Culbertson LLP
4343 Commerce Court, Suite 415
Lisle, IL 60532-1099

by First Class Mail by depositing in the U.S. Mail at 10 S. La Salle St., Chicago, Illinois 60603 a properly addressed envelope with postage prepaid before 5:00 PM, on the 12th day of December, 2007.

/s/ Dennis E. French
Dennis E. French